IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVERGREEN MEDIA HOLDINGS, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-14-0793 |
| WARNER BROTHERS ENTERTAINMENT, *et al.*, | § § § § | |
| Defendants. | § | |

**ORDER**

The defendants in Civil Action No. H-14-cv-793, pending before this court, and in Civil Action H-14-cv-1117, pending before the Honorable David Hittner, have moved to transfer the higher-numbered second-filed case into this action and to consolidate the actions for all purposes. The plaintiffs in both cases are opposed.

Under Federal Rule of Civil Procedure 42(a), "actions . . . involv[ing] a common question of law or fact" may be consolidated. A court may: (1) "join for hearing or trial any or all matters at issue in the actions"; (2) "consolidate the actions"; or (3) "issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P . 42(a)(l)–(3). District courts have broad discretion in determining whether two or more actions have common questions of law and fact and whether to consolidate. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). In weighing consolidation, courts consider whether: the actions are pending before the same court; the actions involve a common party; any risk of prejudice or confusion will result from consolidation; any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried

separately; consolidation will reduce the time and cost of trying the cases separately; and the cases are at the same stage of preparation for trial. *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. 13-cv-0146, 2013 WL 1411773, at *1–2 (W.D. Tex. Apr.8, 2013).

"[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge suits into a single cause or change the rights of the parties." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933); *see also McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir.1982) ( "[C]onsolidation does not cause one civil action to emerge from two."). Instead, courts have emphasized that after consolidation, "the two suits retain their separate identities" even to the point that each requires "the entry of a separate judgment." *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). Such separation prevents consolidation from "depriv[ing] a party of any substantial rights that he may have had if the actions had proceeded separately." *Id.*

The factors strongly favor transfer and consolidation under the rule. The suits involve common questions of law and fact; indeed, the legal and factual issues substantially overlap. Both cases require interpreting the same written agreements, specifically, the 2009 Quitclaim Agreement and Producer Loanout Agreement, to determine who owns the rights to produce the motion pictures at issue; determining who owns a purported option to exploit the book "The Demonologist" and the impact of that option on the right to produce the motion pictures; and determining whether the parties must arbitrate their disputes. The presence in the second later-filed action of some additional parties does not weigh against transfer and consolidation because the rights of the new parties require interpreting the same agreements and deciding the same issues.

This court grants the motion to transfer and to consolidate. Civil Action H-14-cv-1117 is transferred to this court and consolidated under Civil Action H-14-cv-793. All filings are to be made

in Civil Action H-14-cv-793.

    SIGNED on June 25, 2014, at Houston, Texas.

                                                                             Lee H. Rosenthal
                                                      United States District Judge